UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CARMEN CHEEK                                          CIVIL ACTION

VS.                                                   NO. 2:17-CV-

STANDARD INSURANCE COMPANY

**COMPLAINT**

The Complaint of Carmen Cheek respectfully alleges:

1. This is a claim for ERISA short and long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. Plaintiff, **Carmen Cheek**, of lawful age and a resident of Ball, Louisiana, is a plan participant and beneficiary of an ERISA plan created by her employer, Hematology Oncology Life Center, LLC and an insured participant of a group disability policy issued by Standard Insurance Company.

4. Defendant, Standard Insurance Company ("Standard"), is a foreign corporation, doing business in Louisiana. Upon information and belief, Standard is incorporated in Portland, Oregon, and its principal place of business is in the state of Oregon.

5. Standard issued a group policy, No. 126530-B, insuring the employees of Hematology Oncology Life Center, LLC. The Plan granted the administrator, Standard, the right and authority to control and manage the operation and administration of the Plan. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries.  29 USC Sec. 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because her medical condition precluded her from continuing to perform the duties of her job on a fulltime basis. Plaintiff suffers from debilitating rheumatoid arthritis, spinal stenosis, degenerative disk disease, COPD, and neuropathy.

8. Plaintiff is disabled under the terms of the disability policy issued by Standard.

9. Plaintiff has been determined to be disabled by the Social Security Administration and is receiving Social Security disability benefits. Plaintiff's treating doctors have supported her disability, which is consistent with her symptoms consistently reported in her medical records.

10. Standard unlawfully denied Plaintiff benefits she is entitled to under terms of the disability policy.

11. Plaintiff appealed the denial, but Standard upheld its previous decision.

12. After receiving Plaintiff's appeal, Standard approved benefits through October 2014 but denied further benefits past October 2014 and also advising her that she could appeal the decision regarding continuing benefits past October 2014. She spoke to a claims person for Standard who advised her to send a copy of the Social Security Award letter which they would consider as proof of her entitlement to benefits past October 2014.

13. Plaintiff appealed the denial of benefits past October 2014, proving Standard with a copy of the Social Security Administration's decision in which an ALJ explains that she is disabled because she does not have the residual functional capacity to perform any occupation given her medical condition, age, education, and experience. Standard has ignored this appeal, and has not yet rendered a decision. Plaintiff's appeal is therefore

deemed denied and her administrative remedies deemed exhausted. 29 C.F.R. § 2560.503-1

14. Standard's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

15. Plaintiff has exhausted her administrative remedies and now timely files this suit to reverse Standard's denial of benefits.

16. Standard has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

17. Standard has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

18. Standard has abused its discretion by failing to consider her medical condition in relation to the actual duties of her occupation.

19. Standard administered Plaintiff's claim with an inherent and structural conflict of interest as Standard is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Standard's assets.

20. Standard has failed to give the policy and Plan a uniform construction and interpretation.

21. Standard chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

22. As a routine business practice, Standard uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

23. Standard's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

24. Plaintiff has been denied the benefits due to her under the Plan, has suffered, and is continuing to suffer economic loss as a result.

25. Plaintiff is entitled to an award of interest on all money that Defendant should have paid to Plaintiff.

26. Defendant's denial has required Plaintiff to hire attorneys to represent her in this matter to recover benefits due to her under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and
4. For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan Toledano
Reagan L. Toledano (La. 29687)(T.A.)
James F. Willeford (La. 13485)
Willeford & Toledano
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
Phone: (504) 582-1286
Fax: (313) 692-5927
rtoledano@willlefordlaw.com